

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 25, 1966

Hon. Clarence L. Darter                Opinion No. C-627
County Attorney
Childress County                       Re:  Whether a constable may
Childress, Texas                            act as a deputy tax
                                            assessor-collector for
                                            one day in a poll tax
                                            drive put on by the
Dear Mr. Darter:                            Jaycees.

        In view of the provisions of Section 40 of Article
XVI of the Constitution of Texas, you have requested our
opinion as to whether an individual vacated his office of
constable upon the acceptance of the position of deputy tax
assessor-collector for only one day in a poll tax drive put
on by the Jaycees.  You state in your request that the consta-
ble accepted this position along with other Jaycees in the
community as a civic project, receiving as compensation the
sum of $1.00.

        Section 40 of Article XVI of the Constitution of Texas
provides:

        "No person shall hold or exercise, at
    the same time, more than one civil office
    of emolument, except . . . ." (Exceptions not
    applicable)

        In Attorney General's Opinion O-4313 (1942), in deter-
mining whether membership upon an Alien Enemy Hearing Board
constituted a civil office of emolument within the meaning of
Section 40 of Article XVI of the Constitution of Texas, this
office applied the rule announced in Barney v. Hawkins, 79
Mont. 506, 257 P. 411 (1927), 53 A.L.R. 583.  The Court's analy-
sis of the authorities upon the question of what constitutes
an office is stated in Barney v. Hawkins, supra, as follows:

        "After an exhaustive examination of the
    authorities, we hold that five elements are
    indispensable in any position of public employ-
    ment, in order to make it a public office of
    a civil nature: (1) It must be created by the
    Constitution or by the Legislature or created
    by a municipality or other body through author-
    ity conferred by the Legislature;  (2) it must

-3042-

possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional." (Emphasis added)

Applying the above-quoted analysis to the facts stated in your request, it is our opinion that the constable in question did not accept another civil office of emolument. There was no permanency or continuity involved, by the acceptance of the position of deputy tax assessor-collector for one day, in the poll tax drive by the Jaycees.

Therefore, you are advised that the constable in question did not vacate his office of constable.

## SUMMARY

A person holding the office of constable did not vacate such office by the acceptance of the position of deputy tax assessor-collector for one day in a poll tax drive put on by the Jaycees of a community.

Yours very truly,

WAGGONER CARR
Attorney General

By _John Reeves_
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Banks
Ben Harrison
Linward Shivers
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright